UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIA FIELDING,

                Plaintiff,

    -against-

JEFFREY TOLLAKSEN, MYRNA COHEN,
VINCENT M. BOYD, New York State Police
Investigator, STEVEN JOHNSTONE, New
York State Trooper, PETER LUNGEN, District
Attorney, JOEY DRILLINGS, Assistant District
Attorney, MICHAEL MCGUIRE, Assistant
District Attorney, ROBERT ZANGLA, Assistant
District Attorney, JUDGE KALTER, Fallsburg
Town Court Judge, JUDGE BART RASNICK,
Fallsburg Town Court Judge, JUDGE JOEL
W. WALSH, Mamakating Town Court Judge
and Other Unknown Police Officials,

                Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

05 Civ. 2612 (SCR) (GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

      In the instant action commenced pursuant to 42 U.S.C. § 1983, plaintiff alleges that defendants violated her civil rights because they subjected her to malicious prosecution and abuse of process. Presently before this Court are defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and/or for summary judgment pursuant to FRCP Rule 56. For the reasons that follow, I respectfully recommend that defendants' motions should be granted.[1]

---

[1] Plaintiff's complaint is legally insufficient pursuant to the standard set forth in FRCP 12(b)(6); it is therefore unnecessary to evaluate defendants' motions pursuant to the summary judgment standard applicable to motions under FRCP 56. In any event, construing defendants' motions pursuant to FRCP 12(b)(6) is a more prudent approach given the posture of the case and plaintiff's *pro se* status.

## I. RULE 12(b)(6) STANDARD

In evaluating a motion to dismiss, this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the Court "must view all allegations raised in the complaint in the light most favorable to the non-moving party . . . and 'must accept as true all the factual allegations in the complaint.'" Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996) (quoting Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163 (1993)) (citations omitted). For purposes of evaluating a 12(b)(6) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation and citation omitted). Further, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). *Pro se* complaints and supporting papers must be read "liberally" and interpreted to "raise the strongest arguments that they suggest." See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quotation and citation omitted). A court should not dismiss a *pro se* complaint "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980).

## II. REQUEST FOR DECLARATORY JUDGMENT

Plaintiff seeks a declaratory judgment "that the actions of the defendants have violated the constitutional rights of the plaintiff." Declaratory relief, however, "is intended

to operate prospectively. There is no basis for declaratory relief where only past acts are involved." National Union Fire Ins. Co. v. International Wire Group, Inc., No. 02 Civ. 10338, 2003 WL 21277114, at *5 (S.D.N.Y. June 2, 2003). Here, plaintiff's request for declaratory relief is clearly retrospective; rather than seeking relief for an alleged future or ongoing violation, plaintiff asks the Court to declare the existence of a past constitutional violation. "[T]he courts are not obliged to entertain actions for declaratory judgment not seeking prospective relief but merely declaring past wrongs." Ippolito v. Meisel, 958 F. Supp. 155, 165 (S.D.N.Y. 1997). Accordingly, I conclude, and respectfully recommend, that plaintiff's claim for declaratory relief must be dismissed.

### III. JUDICIAL IMMUNITY

Plaintiff brings claims against defendants Kalter, Rasnick and Welsh who, plaintiff alleges, are Town Court judges in the Town of Fallsburg (Kalter and Rasnick) and the Town of Mamakating (Welsh). It is well settled that judges are immune from suit unless the actions giving rise to the suit were "not taken in [a] judge's judicial capacity" or were taken "in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). A judge cannot "be deprived of immunity because the action he took was in error, . . . or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Moreover, "judicial immunity is not overcome by allegations of bad faith or malice." Mireles, 502 U.S. at 11. Here, construing plaintiff's complaint broadly and in the light most favorable to her, the alleged wrongdoings of defendants Kalter, Rasnick and Welsh appear to be acts and/or rulings performed within their respective judicial capacities and jurisdictions. Accordingly, I conclude, and respectfully

3

recommend, that plaintiff's claims for damages against defendants Kalter, Rasnick and Welsh are foreclosed by the doctrine of judicial immunity and, therefore, must be dismissed.[2]

## IV. PROSECUTORIAL IMMUNITY

Plaintiff alleges claims against District Attorney Peter Lungen and Assistant District Attorneys Joey Drillings, Michael McGuire and Robert Zangla. State prosecutors are entitled to absolute immunity if the actions giving rise to the suit were "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Dory v. Ryan, 25 F.2d 81, 83 (2d Cir. 1994). Here, construing plaintiff's complaint broadly and in the light most favorable to her, the alleged wrongdoings of defendants Lungen, Drillings, McGuire and Zangla appear to be acts within the scope of their duties in initiating and pursuing a prosecution. Accordingly, I conclude, and respectfully recommend, that plaintiff's claims for damages against defendants Lungen, Drillings, McGuire and Zangla are foreclosed by the doctrine of prosecutorial immunity and, therefore, must be dismissed.[3]

## V. ABUSE OF PROCESS

---

[2] Plaintiff, in fact, concedes this point. Paragraph 92 of the Complaint states: "Plaintiff is well aware the defendant judges and prosecutors who put her through unnecessary litigation for months have absolute immunity. Defendants Tollaksen and Cohen do not."

[3] As noted above, plaintiff apparently concedes this point.

An abuse of process claim under § 1983 is governed by state law. See Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir.1994). Under New York law, "a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003) (quotation and citation omitted). Here, plaintiff fails to allege that defendants "aimed to achieve a collateral purpose beyond or in addition to [her] criminal prosecution." See id. at 77. Accordingly, I conclude, and respectfully recommend, that plaintiff's abuse of process claim must be dismissed.

## VI. DEFENDANTS TOLLAKSEN AND COHEN

Plaintiff alleges § 1983 claims against her former landlords, Jeffrey Tollaksen and Myrna Cohen. It is well settled that a private citizen may be subject to liability under § 1983 only if he "willfully collaborated with an official state actor in the deprivation of a federal right." Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993). "However, conclusory allegations or naked assertions are insufficient to plead a conspiracy to violate a person's constitutional rights. The pleadings must present specific facts tending to show agreement and concerted action." Bacquie v. City of New York, No. 99 Civ. 10951, 2000 WL 1051904, at *1 (S.D.N.Y. July 31, 2000) (citation omitted). Here, the gist of plaintiff's claims against Tollaksen and Cohen is that they made a criminal complaint against her which resulted in her arrest.[4] "A person who tells law

---

[4] Specifically, plaintiff alleges that "[o]n August 14, 2004 the landlords complained to the New York State Police, who converted their complaint into two felony charges."

enforcement authorities that he or she thinks that a crime has been committed and does no more, does not thereby put him- or herself at risk of liability for malicious prosecution should the arrest or prosecution later be abandoned or result in an acquittal." Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000). Apart from plaintiff's vague allegations of conspiracy, she has pled no facts which could give rise to an inference of a collaboration or conspiracy between Tollaksen, Cohen and the police officers who arrested her. Accordingly, I conclude, and respectfully recommend, that plaintiff's claims against defendants Tollaksen and Cohen must be dismissed.

## VII. MALICIOUS PROSECUTION

Plaintiff's remaining claim alleges malicious prosecution against State Police Investigator Boyd and Trooper Johnstone. In order to state a § 1983 claim for malicious prosecution, plaintiff must allege (1) that defendants initiated a prosecution against her, (2) that defendants lacked probable cause to believe the proceeding could succeed, (3) that defendants acted with malice, (4) that the prosecution terminated in her favor and (5) that there was a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights. See Rohman, 215 F.3d at 215. Here, plaintiff alleges that defendants Boyd and Johnstone initiated prosecution against her based upon Tollaksen's and Cohen's complaint. In the first instance, plaintiff fails to allege that the officers were motivated by malice. Moreover, "an arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent

---

Complaint, ¶ 26.

circumstances that raise doubts as to the victim's veracity." Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995). Tollaksen's and Cohen's sworn statements alleged that plaintiff damaged their personal property;[5] thus, the officers had probable cause to arrest plaintiff. Further, plaintiff fails to allege that–between the time of her arrest and the time the officers actually charged her with a crime–the officers received information that was sufficient to eliminate probable cause as to any of the crimes charged. See Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996). In sum, plaintiff fails to allege two necessary elements of her malicious prosecution claim: that the officers acted with malice and that they lacked probable cause to believe the prosecution could succeed. Accordingly, I conclude, and respectfully recommend, that plaintiff's malicious prosecution claim must be dismissed.

## VIII. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend that defendants' motions should be granted and plaintiff's complaint dismissed.

## IX. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file

---

[5] Plaintiff attached copies of the prosecutor's Information and Supporting Depositions to her proposed First Amended Complaint. In evaluating a motion to dismiss, the Court may consider documents integral to the complaint if the plaintiff has notice of them. See Schnall v. Marine Midland Bank, 225 F.3d 263, 266 (2d Cir. 2000).

7

## IX. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: _____, 2006  Respectfully Submitted,
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.